Affirmed and Memorandum Opinion filed January 10, 2006









Affirmed
and Memorandum Opinion filed January 10, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00251-CV

____________

 

JOHN WORLDPEACE, Appellant

 

V.

 

JOHN LANG AND
PHILIP APODACA,
Appellees

 



 

On Appeal from the 269th
District Court

Harris County, Texas

Trial Court Cause No. 02-42081-A

 



 

M E M O R A N D U M   O P I N I O N

John WorldPeace appeals from the trial
court=s dismissal of his
lawsuit against John Lang and Philip Apodaca. 
In his lawsuit, WorldPeace alleged that he was owed fees under quantum
meruit for legal services he provided. 
The trial court dismissed the claims for want of prosecution.  On appeal, WorldPeace contends that (1) his
claims against Lang and Apodaca were wrongfully severed from a disbarment
proceeding against him, and (2) the trial judge who dismissed his lawsuit did
not have jurisdiction over the severed claims. 
We affirm.

 








Background

WorldPeace originally filed his claims
against Lang and Apodaca as third party claims in a disbarment proceeding
brought by the Commission for Lawyer Discipline.  We affirmed the resulting judgment of
disbarment in a prior opinion.  WorldPeace
v. Commission for Lawyer Discipline, No. 14-03-01339-CV; 2005 WL 2874786
(Tex. App.CHouston [14th Dist.] Nov. 3, 2005, no pet.
h.).  The grounds alleged in the
disbarment petition included complaints made by Lang against WorldPeace.  Id. at *1.  The petition was assigned to the 269th
District Court.  Pursuant to Texas Rule
of Disciplinary Procedure 3.02, the Texas Supreme Court appointed an active
district judge residing in a different administrative district, James R. Fry,
to preside over the proceedings.  Tex. R. Disciplinary P. 3.02, reprinted
in Tex. Gov=t Code Ann., tit. 2, subtit.
G, app. A-1 (Vernon 1998).[1]  Judge Fry subsequently severed WorldPeace=s claims against
Lang and Apodaca into a separate action from the disbarment proceedings.  Judge John Wooldridge, the presiding judge of
the 269th District Court, then set a status conference on the severed
action.  When no attorneys appeared for
the conference, Judge Wooldridge dismissed WorldPeace=s claims for want
of prosecution.[2]

Discussion








In his first issue, WorldPeace contends
that the trial court wrongfully severed his claims against Lang and Apodaca
from the disciplinary proceeding.  In his
brief, however, WorldPeace makes no arguments and cites no authority
specifically in support of this contention. 
Further, in his reply brief, WorldPeace states that the severance issues
were amply covered in his appeal from the judgment of disbarment.  Indeed, in our opinion in that appeal, we
held that the trial court did not err in severing WorldPeace=s claims against
Lang and Apodaca.  WorldPeace,
2005 WL 2874786, at *9.  Accordingly, for
the reasons stated in our prior opinion, we overrule WorldPeace=s first issue in
the appeal now before us.

In his second issue, WorldPeace contends
that Judge Wooldridge, the presiding judge of the 269th District Court who
dismissed WorldPeace=s claims against Lang and Apodaca, did not
have jurisdiction over those claims. 
WorldPeace does not dispute that Judge Wooldridge generally has
authority to hear cases filed in his court; he asserts only that because the
supreme court assigned Judge Fry to preside over the disciplinary action, only
Judge Fry could have jurisdiction over the severed claims against Lang and
Apodaca.  We disagree.

We first note that although in his
briefing, WorldPeace refers to his claims against Lang and Apodaca as
counterclaims, they are in actuality third party claims because Lang and
Apodaca were not parties to the disciplinary action until Worldpeace filed his
claims against them.  See Tex. R. Disciplinary P. 3.01 (providing
that petition is filed in the name of the Commission); WorldPeace, 2005
WL 2874786, at *2 n.2, *9 (finding that Lang and Apodaca were not parties to
the disciplinary action until WorldPeace filed his third party claims).








Second, the Rule of Disciplinary Procedure
under which Judge Fry was appointed, Rule 3.02, expressly pertains to the
assignment of a judge to preside over a disciplinary case, and it does not
mention third party claims raised by the responding attorney.  See Tex.
R. Disciplinary P. 3.02. 
Likewise, the order appointing Judge Fry appointed him only Ato preside in the
Disciplinary Action styled The Commission for Lawyer Discipline v. John
Worldpeace [sic].@ 
Comm=n for Lawyer Discipline v. WorldPeace, No. 02-9152
(Tex. July 30, 2002, order).  Once
WorldPeace=s third party claims were severed, they
were no longer part of the disciplinary proceeding; thus, neither the Rules of
Disciplinary Procedure nor the supreme court=s order of
appointment required Judge Fry to preside over the claims as opposed to Judge
Wooldridge.  Accordingly, WorldPeace=s arguments to the
contrary are without merit.[3]  We overrule WorldPeace=s second issue.

We affirm the trial court=s order.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 10, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.











[1]  The Rules of
Disciplinary Procedure have been amended effective January 1, 2004.  See Tex. R. Disciplinary P., reprinted in Tex. Gov=t Code
Ann., tit. 2, subtit.
G, app. A-1 (Vernon 2005).  However, under the amended rules, all actions
commenced prior to the effective date of the amended rules are governed by the
rules in effect at the time the action was commenced.  See id. 1.04.  Accordingly, except for the citations in this
footnote, all citations to the rules in this opinion are to the rules in effect
at the time this action was commenced.





[2]  The severance
order in the prior proceeding expressly severed only WorldPeace=s claims against Lang and Apodaca into the present
action.  For the disposition of other
claims and parties involved in the prior proceeding, please see our prior
opinion.  WorldPeace, 2005 WL 2874786, at *5-8.





[3]  Additionally, Rule of Disciplinary
Procedure 3.08B provides that the Rules of Civil Procedure apply to
disciplinary actions, except as varied by the Rules of Disciplinary
Procedure.  See Tex. R. Disciplinary P. 3.02B.  Rule 330(g) of the Rules of Civil Procedure
permits district  judges in counties with more than one district court
to hear and determine any part of any case or proceeding pending in any of the
courts.  Tex. R. Civ. P. 330(g). 
Therefore, it is without consequence that one district judge heard the
disciplinary action and another district judge heard the severed claims.